IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARY A. PARKER, )
    Plaintiff )
)
    v. ) Civil Action No. 06-1170
)
COMMISSIONER OF SOCIAL )
SECURITY, )
    Defendant. )

REPORT AND RECOMMENDATION

I.    Recommendation

It is respectfully recommended that the defendant's motion for summary judgment (Docket No. 12) be granted; that the decision of the Commissioner of Social Security be affirmed and that judgment be entered accordingly.

II.    Report

Presently before the Court for disposition are cross motions for summary judgment.

On August 31, 2006, Mary A. Parker, by her counsel, filed a complaint pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act, as amended, 42 U.S.C. §§405(g) and 1383(c)(3) for review of the Commissioner's final determination disallowing her claim for a period of disability or for disability insurance benefits and supplemental security income benefits under Sections 216(i) and 223 of the Social Security Act, as amended, 42 U.S.C. §§416(i) and 423 and 1381 cf.

The plaintiff filed an application for disability and supplemental security income benefits on June 23, 2004 alleging she had been disabled since April 1, 2004 (R.68-70, 246-249). Benefits

were denied on September 7, 2004 (R.35-39, 252-256). On November 29, 2004, the plaintiff requested a hearing (R.40), and pursuant to that request a hearing was conducted on January 30,2006 (R.264-307). In a decision filed on March 6, 2006, an Administrative Law Judge denied benefits (R.9-17). On April 25, 2006, the plaintiff requested reconsideration of this determination (R.263), and upon reconsideration, and in a decision dated August 16, 2006, the Appeals Council affirmed the prior decision (R.5-7). The instant complaint was filed on August 31, 2006.

In reviewing an administrative determination of the Commissioner, the question before any court is whether there is substantial evidence in the agency record to support the findings of the Commissioner that the plaintiff failed to sustain his/her burden of demonstrating that he/she was disabled within the meaning of the Social Security Act. Richardson v. Perales, 402 U.S. 389 (1971); Adorno v. Shalala, 40 F.3d 43 (3d Cir. 1994).

It is provided in 42 U.S.C. Section 405(g) that:

The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive....

Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)." Richardson v. Perales, supra., at page 401; Plummer v. Apfel, 186 F.3d 422 (3d Cir. 1999).

At the hearing held on January 30, 2006 (R.264-307), the plaintiff appeared with counsel (R. 266), and testified that she was born on August 16, 1981 (R.272); that she completed the eleventh grade in special education (R.273); that she is single and has a newborn child (R.273) and that she is receiving public assistance (R.274).

The plaintiff also testified that she worked as a cashier and stocker (R.275); that she had difficulty with co-workers and customers (R.294-295) and that she has not worked since April 2004 (R.276).

In addition, the plaintiff testified that she experiences weekly panic attacks during which she does not leave her room (R.277-278, 289, 290); that she experiences a bipolar disorder during which she cannot leave the house (R.277-278, 291); that she also suffers from agoraphobia and depression (R.277-278); that she is able to perform household chores (R.283-284, 288) and that she goes out to eat weekly (R.287).

At the hearing a vocational expert was called upon to testify (R.300-304). He categorized the plaintiff's prior work experience as light to medium unskilled to semi-skilled (R.301). When asked to assume an individual of the plaintiff's age, education and work experience who could perform heavy simple work in a non-dangerous environment, the witness testified that such an individual could perform some of the plaintiff's past work as well as a wide range of jobs which exist in the national economy (R.302-304). However, he also testified that if such an individual had to miss work frequently, she could not be employed (R.304).

The issue before the Court for immediate resolution is a determination of whether or not there is substantial evidence to support the findings of the Commissioner that the plaintiff is not disabled within the meaning of the Act.

The term "disability" is defined in 42 U.S.C. Section 423(d)(1)(A) as:

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months....

For purposes of the foregoing, the requirements for a disability determination are provided in 42 U.S.C. Section 423(d)(2)(A):

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence ... "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. Section 423(d)(3). These provisions are also applied for purposes of establishing a period of disability. 42 U.S.C. Section 416(i)(2)(A).

It is provided in 42 U.S.C. Section 1382c(a)(3) that:

> (A)... an individual shall be considered to be disabled for purposes of this subchapter if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.
>
> (B) For purposes of subparagraph (A), an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence ... "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

* * *

>(D) For purposes of this paragraph, a physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.
>
>It is also provided that:
>
>Notwithstanding the provisions of subparagraphs (A) through (E), an individual shall also be considered to be disabled for purposes of this subchapter if he is permanently and totally disabled as defined under a State plan approved under subchapter XIV or XVI of this chapter as in effect for October 1972 and received aid under such plan (on the basis of disability) for December 1973 (and for at least one month prior to July 1973), so long as he is continuously disabled as so defined.

42 U.S.C. Section 1382c(3)(F).

Pursuant to the authorization contained in 42 U.S.C. Section 1382c(3)(D), the Commissioner has promulgated certain regulations for the implementation of the Supplemental Security Income Program. While these statutory provisions have been regarded as "very harsh," nevertheless, they must be followed by the courts. NLRB v. Staiman Brothers, 466 F.2d 564 (3d Cir. 1972); Choratch v. Finch, 438 F.2d 342 (3d Cir. 1971); Woods v. Finch, 428 F.2d 469 (3d Cir. 1970). Thus, it must be determined whether or not there is substantial evidence in the record to support the conclusion of the Commissioner that the plaintiff is not disabled within the meaning of the Social Security Act.

For this purpose, certain medical evidence was reviewed by the Commissioner.

The plaintiff was treated at the Mercy Jeanette Hospital between January 14, 2003 and February 7, 2003 for a left thumb contusion and a left thumb tuft fracture (R.96-104).

The plaintiff was treated at the Latrobe Area Mental Health Center between February 22, 2000 and May 28, 2004 for depression and a panic disorder. Medication was employed (R.105-134).

In a report of a residual mental functional capacity evaluation completed on August 30, 2004 by Douglas Schiller, Ph.D. it was noted that the plaintiff did not have any significant limitations except for moderate limitations in accepting instructions, responding to changes and setting realistic goals. A bipolar disorder was said to be present but it did not meet the disability requirements of the Act (R.138-153).

The plaintiff was treated by Dr. Ayesha Hossain between September 20, 2002 and April 7, 2005 for various minor ailments and pregnancy (R.154-163).

The plaintiff was treated at the Latrobe Area Mental Health Center between October 11, 1995 and January 18, 2006 for depression and panic attacks. She was pregnant during part of that time period (R.164-244).

The relevant regulations require explicit findings concerning the various vocational factors which the Act requires to be considered in making findings of disability in some cases. These regulations, published at 20 C.F.R. §§404.1501, et seq., set forth an orderly and logical sequential process for evaluating all disability claims. In this sequence, the Administrative Law Judge must first decide whether the plaintiff is engaging in substantial gainful activity. If not, then the severity of the plaintiff's impairment must be considered. If the impairment is severe, then it must be determined whether he/she meets or equals the "Listings of Impairments" in Appendix 1 of the Regulations which the Commissioner has deemed of sufficient severity to establish disability. If the impairment does not meet or equal the Listings, then it must be ascertained whether he/she can do his/her past relevant work. If not, then the residual functional capacity of the plaintiff must

be ascertained, considering all the medical evidence in the file. The finding of residual functional capacity is the key to the remainder of findings under the new regulations. If the plaintiff's impairment is exertional only, (i.e. one which limits the strength he/she can exert in engaging in work activity), and if his/her impairment enables him/her to do sustained work of a sedentary, light or medium nature, and the findings of age, education and work experience, made by the Administrative Law Judge coincide precisely with one of the rules set forth in Appendix 2 to the regulations, an appropriate finding is made. If the facts of the specific case do not coincide with the parameters of one of the rules, or if the plaintiff has mixed exertional and non-exertional impairments, then the rules in Appendix 2 are used as guidelines in assisting the Administrative Law Judge to properly weigh all relevant medical and vocational facts.

> Based on the evidence presented, the Commissioner concluded:
>
> The claimant has the following severe impairments: Bipolar disorder with depression, anxiety and panic attacks and an attention deficit hyperactivity disorder...
>
> She fails to meet the requirements of Listing 12.04, as there is no evidence of marked or extreme limitations in her ability to perform activities of daily living, maintain social functioning, concentration, persistence or pace, or repeated episodes of decompensation for extended periods...
>
> As the claimant has a bipolar disorder with depression, anxiety and panic attacks and an attention deficit hyperactivity disorder, the undersigned must evaluate these impairments within the "B" and "C" criterion of Listing 12.04.
>
> The claimant has mild limitations in performing activities of daily living and maintaining social functioning...
>
> The claimant has moderate restrictions in maintaining concentration, persistence or pace...
>
> There is no evidence of decompensation for extended periods. Further, in regards to the "C" criteria, there is a medically documented history of chronic affective disorder of at least two years duration that has caused more than a minimal

limitation of ability to do basic work activities. However, symptoms or signs are currently attenuated by medication or psychosocial support and there is no evidence of a residual disease process resulting in such marginal adjustment even a minimal increase in mental demands or changes in the environment would be predicted to cause the individual to decompensate.

* * *

The claimant's ability to perform work at all exertional levels has been compromised by nonexertional limitations. To determine the extent to which these limitations erode the occupational base of unskilled work at all exertional levels, the Administrative Law Judge asked the vocational expert whether jobs exist in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity. The vocational expert testified that given all these factors the individual would be able to perform the requirements of representative occupations.

* * *

Based on the testimony of the vocational expert, the undersigned concludes that, considering the claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. A finding of "not disabled" is therefore appropriate... (R.13-17).

The record demonstrates that while the plaintiff does experience some limitations as a result of a mental impairment, she is capable of engaging in sustained gainful work provided her work environment contains certain stress limitations. As a result the conclusion of the Commissioner that she can be gainfully employed is supported by substantial evidence.

Summary judgment is appropriate where there are no material issues of fact in dispute and the movant is entitled to judgment as a matter of law. <u>Biener v. Calio</u>, 361 F.3d 206 (3d Cir. 2004). In the instant case, there are no material factual issues in dispute, the decision of the Commissioner is supported by substantial evidence, and judgment should be entered for the defendant and against the plaintiff. For this reason, it is recommended that the defendant's motion for summary judgment be granted, and that the decision of the Commissioner be affirmed.

Within ten (10) days after being served with a copy, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                                                Respectfully submitted,

Dated: February 27, 2007                      s/ Robert C. Mitchell,
                                                                       United States Magistrate Judge